ASSUMPSIT. **Bank  United  States  *vs*  Leathers'  Adm'r.**

*Case* 33.                ERROR  TO  THE  CAMPBELL  CIRCUIT.

*Pleas and pleadings.   Bank United States.   Abatement.*

*December* 28.   CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated.

THIS action of assumpsit by the President, Directors, & Co. of the Bank of the United States, was commenced in 1834.   A judgment obtained by the plaintiffs in 1839, was reversed by this Court in 1843, for defect in the pleadings and evidence.   On the return of the cause, the declaration was amended and new pleadings filed; after which the Court, on motion of the defendant, ordered that the suit be abated, on the ground that the Bank of the United States had ceased to exist as a corporate body, and that the act of Congress of 2d of March, 1838, declaring that no pending suit should abate, &c., by reason of the expiration of the two years allowed by the 21st section of the charter for the use of the corporate name, did not apply to the State Courts, but to the Federal Court only.   To the writ of error prosecuted for the reversal of this judgment, the defendant has pleaded in abatement, that at the emanation of said writ, there was no such corporation, in fact or in law, as the President, Directors and Company of the Bank of the United States.

The 21st section of the act of incorporation of the Bank of the U. S. gives two years and no more, after the expiration of the term for which the corporation was created, during which the corporate name, style and capacity may be used for the purpose of suing, &c. The act of 1838,

The sufficiency and truth of the plea depend upon the effect to be given to the act of Congress above referred to.   If that act prolongs or continues the corporation or the corporate name, though for the single purpose of maintaining suits pending in that name at the date of the act, then it is not true that there is no such corporation, so long as a suit in its name, which was pending on the 2d of March, 1838, is still undecided.   And as it is for the very purpose of upholding such suits to final judgment and satisfaction, that the corporate name is continued, the allowance of the plea in abatement would be in direct contradiction and dis-

paragement of the act of Congress. The 21st section of the act of incorporation gives two years and no more, after the expiration of the term for which the corporation was created, during which the corporate name, style and capacity, may be used for the purpose of suing, &c. And the act of 1838, (5 *U. S. Stat. at large*, 211,) passed before the expiration of the two years, declares that pending suits in the corporate name, shall not abate, but may be prosecuted to judgment and satisfaction, as if the two years had not expired. As the 21st section of the original act continues, for the purposes therein mentioned, the corporate name and capacity for two years, so the act of the 2d of March, for the purposes therein mentioned, repeals the limitation of two years, and prolongs the continuance of the corporate name and capacity till the termination and satisfaction of all suits, decrees and judgments then pending in that name. It is not the object of the act to regulate the condition or management of the suits referred to, but to prolong the existance and capacity of the corporation, so far as its rights and interests are involved in such suits. The act, therefore, is not limited in its operation to those suits and Courts which Congress had a right to regulate, but is binding upon all Courts to the same extent to which the original charter was binding, and preserves the suits, &c., of the corporation from abatement, not merely by declaring that they shall not abate, but by continuing the corporate name and capacity for main-taining them. This point was expressly decided in the case of the *City of Louisville* vs *The Bank of the United States*, (3 *B. Monroe*, 142,) where the act of 2d of March, 1838, is said to be a virtual continuation of the corporate existance, for the purpose of prosecuting all pending suits. And the case of the *Bank of Galliopolis* vs *Trimble*, (6 *B. Monroe*, 601,) does not apply to the present question, because in that case the charter of the Bank and its right to maintain suits had expired, and all suits in its name, had in fact abated, before the State of Ohio enacted the statute declaring that pending suits should not abate by the dissolution of the corporation, but might be proceeded in by the persons having charge

BANK U. STATES
*vs*
LEATHERS' AD'R.

passed before the expiration of the two years, declares that *pending suits* in the corporate name, *shall not abate*, but may be prosecuted to judgment and satisfaction. The effect of these two statutes is to preserve the power to carry into judgment and *satisfaction* any suit pending at the passage of the act of 1838, whether in a State or United States' Court; (See 3 *B. Monroe*, 142.)

of the effects of the corporation, as if such abatement had not occurred. This Court, (the then Chief Justice dissenting,) decided that this latter act was not a prolongation or extension of the charter, but a mere regulation of the mode of proceeding in the suits referred to, and therefore, entitled to no extra-territorial operation. The difference between that statute and the act of Congress of the 2d of March, 1838, is too obvious to require further comment.

Wherefore, it is the opinion of this Court that the plea in abatement of the writ of error, is insufficient and the demurrer thereto is sustained; and the case having been fully submitted upon the whole record, we are further of opinion, for the reasons already given, that the order or judgment of abatement' in the Circuit Court, even if it could have been regularly made on motion, and at the time it was made, is erroneous.

Wherefore, the judgment is reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

